# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RODRIGUEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>FERNANDO GONZALEZ,<br><br>　　　　　Respondent.<br>_____ / | 1:09-cv-00748-DLB (HC)<br><br>ORDER DENYING PETITIONER'S REQUEST FOR LAW LIBRARY ACCESS<br><br>[Doc. 8] |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　On May 29, 2009, Petitioner filed a request seeking a court order for access to the law library, his legal materials, copying machines, and books.  (Court Doc. 8.)  Petitioner contends that he is currently on lock-down status and is without sufficient materials to prosecute his action.  The Court construes Petitioner's request as a court order for injunctive relief.

　　　　Petitioner claims that he is being deprived of adequate access to the library and legal materials, and therefore will suffer a denial of access to the courts.  To obtain a preliminary injunction, a party must demonstrate either 1) a combination of probable success on the merits and the possibility of irreparable injury, or 2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in its favor. First Brands Corp. v. Fred Meyer, Inc., 809 F.2d 1378, 1381 (9th Cir.1987).  A prisoner alleging an access to the courts violation must demonstrate that he has suffered or will imminently suffer actual injury. Lewis v.

1 Casey, 518 U.S. 343, 116 S.Ct. 2174, 2179 (1996). "An inmate cannot establish relevant actual
2 injury simply by establishing that his prison's law library or legal assistance program is sub-par
3 in some theoretical sense." Id. at 2180. The inmate must show that the library "hindered his
4 efforts to pursue a legal claim." Id. To satisfy the actual-injury requirement, an inmate must
5 "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Id. at
6 2181. Furthermore, "the injury requirement is not satisfied by just any type of frustrated legal
7 claim," but rather, the legal claim which was allegedly interfered with must involve either an
8 inmate's attempt to attack his sentence or an action to challenge the conditions of his
9 confinement. Id. at 2181-82. The Ninth Circuit has interpreted this to mean that the right
10 extends only through the pleading stage, and is not a right to successfully litigate the matter
11 through resolution. See Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995).

12     Petitioner has failed to demonstrate that he suffers actual injury as a result the library
13 policies of which he complains. Although Petitioner contends that he need suitable law library
14 access and he is without proper legal materials. Such a generalized allegation fails to
15 demonstrate imminent or actual injury, as required by Lewis v. Casey. Because Petitioner has
16 not made an adequate showing that he is imminent danger of suffering irreparable injury,
17 Petitioner cannot prevail on his motion for injunctive relief.

18     Furthermore, Petitioner merely alleges that the lock-down status has caused his restricted
19 access to various materials. However, lock-downs within the prison system are a routine
20 occurrence and equitable relief is not justified.

21     Accordingly, it is HEREBY ORDERED that Petitioner's motion for a temporary
22 restraining order is DENIED.

23

24     IT IS SO ORDERED.

25     Dated:   **June 18, 2009**          /s/ **Dennis L. Beck**
26                                                           UNITED STATES MAGISTRATE JUDGE

27

28