# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RODRIGUEZ, | 1:09-cv-00748-OWW-DLB (HC) |
| Petitioner, | |
| v. | ORDER DENYING PETITIONER'S MOTION FOR COPY OF TRANSCRIPTS AND POLICE REPORTS |
| FERNANDO GONZALEZ, | [Doc. 20] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Now pending before the Court is Petitioner's request for transcripts and police reports, filed on August 21, 2009.  (Court Doc. 20.)

## DISCUSSION

I.  Request for Transcripts

An indigent criminal defendant is entitled to a trial transcript on direct appeal as a matter of law.  Griffin v. Illinois, 351 U.S. 12 (1956); see also Britt v. North Carolina, 404 U.S. 226, 227 (1971).  However, there is no entitlement to a free copy of the transcript when seeking collateral review.  More specifically, in United States v. MacCollom, 426 U.S. 317, 326 (1976), the Supreme Court upheld 28 U.S.C. § 753(f), which allowed a free copy of transcripts for federal habeas petitioner who demonstrated the petition was not frivolous and was necessary to its disposition.  In addition, documents and/or transcripts are only provided at government

1  expense upon a showing of a particularized need for the documents which are necessary to
2  decide issues in a non-frivolous pending case. Id. at 323-330, see also United States v. Van
3  Poyck, 980 F.Supp. 1108, 1111 n.2 (C.D. Cal. 1997).  In Ruark v. Gunter, 958 F.2d 318, 319
4  (10th Cir. 1992), the Tenth Circuit, relied on MacCollom and held that "an indigent § 2254
5  petitioner does not have a constitutional right to access a free transcript in order to search for
6  error."
7       In this instance, Petitioner has failed to demonstrate a particularized need for the
8  transcripts.  Moreover, the superior court denied Petitioner's request for transcripts because there
9  was no proceeding pending before it and/or he was seeking transcripts on collateral review.  (See
10 Attachments to Motion.)  Furthermore, Respondent has filed a motion to dismiss the instant
11 petition as untimely.  Accordingly, Petitioner has failed to meet his burden of demonstrating the
12 particularized need for the transcript and his request shall be denied.
13 II.     Request for Police Reports
14      Petitioner also requests a copy of the police reports.  Although discovery is available
15 pursuant to Rule 6, it is only granted at the Court's discretion, and upon a showing of good cause.
16 Bracy v. Gramley, 520 U.S. 899, 904 (1997); McDaniel v. United States Dist. Court (Jones), 127
17 F.3d 886, 888 (9th Cir. 1997); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997); Rule 6(a) of
18 the Rules Governing Section 2254.  Good cause is shown "where specific allegations before the
19 court show reason to believe that the petitioner may, if the facts are fully developed, be able to
20 demonstrate that he is . . . entitled to relief."  Bracy v. Gramley, 520 U.S. at 908-09 (citing Harris
21 v. Nelson, 394 U.S. 287 (1969).  Discovery will not be allowed so that the petition can "explore
22 [his] case in search of its existence," looking for new constitutional claims.  See Rich v.
23 Calderon, 187 F.3d 1064, 1067 (9th Cir. 1999).  If good cause is shown, the extent and scope of
24 discovery is within the court's discretion.  See Habeas Rule 6(a).  The Court's duty in a habeas
25 proceeding is to determine whether or not petitioner's constitutional rights were violated in the
26 course of the conviction.
27      As a general rule under California law, police reports used only to refresh the recollection
28 of a witnesses are not admitted into evidence unless the adverse party so requests.  Cal. Evid.

2

1  Code 771(b). Petitioner does not allege or demonstrate that any of the police reports were
2  introduced into evidence. Nor has Petitioner demonstrated how the police reports would further
3  his entitlement to relief. Accordingly, Petitioner's motion for the Court to order a copy of the
4  police reports produced shall be denied.

CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that:

1. Petitioner's motions for a copy of the trial transcripts and police reports are DENIED.

IT IS SO ORDERED.

Dated:   **September 8, 2009**          /s/ **Dennis L. Beck**
                                     UNITED STATES MAGISTRATE JUDGE