# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RODRIGUEZ, | 1:09-cv-00748-OWW-DLB (HC) |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| FERNANDO GONZALEZ, | [Doc. 18] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

BACKGROUND

On June 18, 1998, Petitioner was convicted of first degree burglary. The jury also found true the allegation that Petitioner suffered three prior convictions. Petitioner was sentenced to an indeterminate state prison term of 25 years to life, plus a consecutive five-year enhancement, and a concurrent one-year enhancement. (Lodged Doc. Nos. 1-2.)

The California Court of Appeal, Fifth Appellate District affirmed the judgment on January 28, 2000. (Lodged Doc. No. 2.) The California Supreme Court denied review on April 26, 2000. (Lodged Doc. Nos. 3-4.)

Petitioner subsequently filed three state-post conviction collateral challenges.[1] The first

---

[1] The dates of filings reflect application of the mailbox rule. See Rule 3(d) of the Federal Rules Governing Section 2254 Cases.

1

petition was filed on November 17, 2008, in the Madera County Superior Court. (Lodged Doc. No. 5.) On December 12, 2008, the court denied the petition citing In re Clark, 5 Cal.4th 750, 765 (1993). (Lodged Doc. No. 6.)

The second petition was filed on March 31, 2009, in the Madera County Superior Court. (Lodged Doc. No. 7.) The petition was denied on April 8, 2009. (Lodged Doc. No. 8.)

The third petition for writ of habeas corpus was filed in the Madera County Superior Court on May 18, 2009. (Lodged Doc. No. 9.) The petition was denied on June 2, 2009.

Petitioner filed the instant federal petition for writ of habeas corpus on April 15, 2009. (Court Doc. 1.)

Respondent filed a motion to dismiss the petition as untimely on August 17, 2009. (Court Doc. 18.) Petitioner filed an opposition on September 30, 2009. (Court Doc. 28.)

DISCUSSION

A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.     Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on April 15, 2009, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, on January 28, 2000, the California Court of Appeal, affirmed the judgment. (Lodged Doc. No. 2.) The California Supreme Court denied review on April 26, 2000. (Lodged Doc. No. 4.) Thus, direct review became final on July 25, 2000, when the ninety time frame expired to file a petition for writ of certiorari in the United States Supreme Court. Therefore, the one year limitations period began on the following day, July 26, 2000, and absent

tolling, was set to expire on July 25, 2001. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.)

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

Here, Petitioner did not file any state post-conviction collateral petitions within the limitations period. The instant petition was filed on April 15, 2009, over seven years after the limitations period expired and is clearly untimely absent any applicable tolling.

Petitioner did not file the first state post-conviction collateral petition until November 17, 2008, over seven years after the limitations period expired. Because the limitations period had already expired, the collateral challenge had no tolling consequence. Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002). In addition, the first petition was explicitly found to be untimely by the Madera County Superior Court, as it was denied with a citation to In re Clark, 5 Cal.4th 750, 765 (1993), and does not serve to toll the limitations period. See Bonner v. Carey, 425 F.3d

4

1145, 1149 (9th Cir. 2005) (a petition that is denied as untimely is not properly filed and does not toll the limitations period). Furthermore, Petitioner is not entitled to interval tolling for the period of time between the disposition of the first petition and the filing of the second petition and between the disposition of the second action and the filing of the third petition. The first petition was filed in and decided by the Madera County Superior Court. Petitioner then filed the second and third petitions again in the Madera County Superior Court. Therefore, Petitioner is not entitled to interval tolling because the actions were not filed in an ascending court. Delhomme v. Ramirez, 340 F.3d 817, 821 n.3 (9th Cir. 2003); Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003); Nino v. Galaza, 183 F.3d 1003, 1006-1007 (9th Cir. 1999).

D.  Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

Petitioner claims that he is entitled to equitable tolling because (1) of his lack of education and knowledge in the law; (2) mental incompetence; (3) lack of access to legal materials; (4) lack of transcripts; and (5) actual innocense of the underlying conviction. Each of these claims will be addressed in turn.

1.  Lack of Education and Knowledge of Law

Petitioner's lack of education and knowledge of the law is not a sufficient basis to warrant equitable tolling. See e.g. Johnson v. United States, 544 U.S. 295, 311 (2005) ("[W]e have never accepted pro se representation alone of procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness"); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (A petitioner's lack of legal sophistication is not, by itself, an

extraordinary circumstance warranting equitable tolling); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause).

### 2. Mental Incompetence

Petitioner also contends that his mental incompetence caused him to be untimely. He does not state what mental disorder affects his functioning, its severity, any medication and their effects, or any limitations he experiences as a result of the illness. Moreover, he provides no specifics on the timing of the illness and claims only that he is incompetent as a result of a head injury as a youth. In sum, Petitioner's claim of mental incompetence is entirely conclusory, vague, and generalized. He makes no showing whatsoever to demonstrate how his mental illness caused him to file his federal petition over ten years after the limitations period expired. Like the petitioner in Lawrence, 127 S.Ct. at 1086, Petitioner has "made no factual showing of [his] mental incapacity." Therefore, Petitioner "has fallen far short of showing 'extraordinary circumstances' necessary to support equitable tolling." Lawrence, 127 S.Ct. at 1086.

### 3. Lack of Access to Legal Materials

Petitioner makes vague reference to limited access to legal materials because of his placement in administrative segregation. Petitioner fails to explain how or why the restricted access to his legal materials made it impossible for him to file a timely petition. Indeed, ordinary prison restrictions such as limited access to legal materials is not an "extraordinary" circumstance because considering "the most common day-to-day security restrictions in prison, concluding otherwise would permit the exception to swallow the rule...." Ramirez v. Yates, 571 F.3d 993, 999 (9th Cir. 2009). Moreover, the Constitution does not guarantee unlimited access to the law library and an inmate having to wait for his or her turn is not denied access to the court. Lindquist v. Idaho Board of Corrections, 776 F.2d 851, 858 (9th Cir. 1985); Miller v. New Jersey State Department of Corrections, 145 F.3d 616, 618-619 (3d Cir. 1998).

### 4. Lack of Copy of Transcripts

Moreover, Petitioner makes vague reference to the fact that his attorney never sent a request for a copy of his transcripts which delayed his filings. Such claim is insufficient to warrant

6

equitable tolling. Petitioner contends that he is entitled to equitable tolling because he had to expend time obtaining a copy of his trial record. (Opposition, at 19.)

Although the Ninth Circuit has observed that a counsel's failure to provide a copy of the transcript to a Petitioner may warrant equitable tolling, this is only if the record shows that such inability actually prevented Petitioner from filing a collateral petition. See e.g. United States v. Battles, 362 F.3d 1195, 1198 (9th Cir. 2004); Lott v. Mueller, 304 F.3d 918, 924-925 (9th Cir. 2002). However, if the Petitioner has already discovered the factual predicate for his claim or the transcripts are not necessary, equitable tolling is not warranted. United States v. Battles, 362 F.3d at 1198.

In this instance, Petitioner did not act diligently in pursuing a copy of his transcripts. Petitioner has simply failed to demonstrate that it was impossible for him to file his federal petition without the trial transcripts or that he acted with diligence in attempting to obtain them. Petitioner undoubtedly knew of his alleged innocence during and immediately after his trial and he could and should have requested a copy of his transcript in a timely fashion. See United States v. Battles, 362 F.3d at 1198 (noting that due diligence certainly includes a finding that petitioner "consult his own memory of the trial proceedings"). Thus, it was Petitioner, and not some extraordinary circumstance, that was the sole cause of the untimeliness.

Furthermore, Petitioner fails to demonstrate that the transcripts were a condition precedent to filing a collateral petition. The transcript, itself, did not provide the factual predicate of his claim of actual innocence, rather, it was merely further documentary evidence to support such claim. In the instant petition, Petitioner claims that his trial counsel was ineffective, the trial court erred in failing to suppress evidence, the trial court's reliance on the prior conviction violated his prior plea agreement, and if the instant petition is deemed untimely he is entitled to equitable tolling. Therefore, because the lack of the transcript did not prevent the factual discovery of his claims, Petitioner is not entitled to equitable tolling. See e.g. Hereford v. McCaughtry, 101 F.Supp.2d 742, 745-746 (E.D. Wis. 2000) (not knowing about claim until received transcript no excuse because ignores that Petitioner knew about factual predicate). Thus, Petitioner has failed to demonstrate that he acted with due diligence in obtaining a copy of

7

the trial transcript or that such transcript was the actual "but for" cause of his untimeliness, and equitable tolling is not warranted.

### 4. Actual Innocence

Petitioner also claims that his untimeliness should be excused because he is actually innocent of the crime in which he was convicted. Neither the Supreme Court nor the Ninth Circuit has decided whether an actual innocence exception exists for the statute of limitations. However, even if the Constitution requires such an exception, Petitioner fails to meet the standard.

Petitioner has completely failed to demonstrate a credible claim of actual innocence. In Schlup v. Delo, 513 U.S. 298, 327 (1995), the Supreme Court set forth the actual innocence standard in the procedural default context. The Schlup court stated that the actual innocence exception is satisfied where the petitioner demonstrates that a constitutional violation has probably resulted in the conviction of one who is actually innocent. Id. Further, the petitioner must demonstrate that in light of the evidence no reasonable juror would have found him guilty. Id. at 329. The district court is free to consider all of the evidence, including that alleged to have been illegally excluded or to have become available only after trial. Id. at 327-328. However, examples of evidence that may establish factual innocence include credible confessions by another, trustworthy eyewitness testimony, and exculpatory scientific evidence. Sawyer v. Whitley, 505 U.S. 333, 340 (1992); Schlup, 513 U.S. 298; Pitts v. Norris, 85 F.3d 348, 351 (8th Cir.1996).

Here, Petitioner has failed to present any new reliable evidence suggesting that he is innocent. Although Petitioner requests discovery for such purpose, he fails to allege, much less demonstrate, good cause for the necessity of discovery beyond his self-serving and conclusory claim that he is innocent. Accordingly, Petitioner has failed to demonstrate actual innocence, even assuming such exception exists.

### E. Exhaustion of State Court Remedies

In the alternative, the claims in the instant petition are unexhausted and it must be dismissed without prejudice.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

8

petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888. A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court. See Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights'" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law.* See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the instant petition, Petitioner claims that his trial counsel was ineffective, the trial court erred in failing to suppress evidence, reliance on the prior conviction violated his prior plea agreement, and if the petition is found to be untimely he is entitled to equitable tolling.  In the petition for review filed in the California Supreme Court, Petitioner raised the following two claims: 1) "Burglary of an office that is located under the same roof as a dwelling but that is neither used as living space nor connected to the dwelling by an interior door constitutes second degree burglary," and 2) "The instruction defining when the burglary of an office is residential burglary violated Appellant's rights to a jury finding on every material element of the offense because it omitted the requirement that the office be a functional part of the dwelling house."  (Lodged Doc. No. 3.)  Petitioner did not file a petition for writ of habeas corpus in the California

Supreme Court. Respondent correctly points out that stay and abeyance is inappropriate because Petitioner has not shown the requisite good cause for the failure to first exhaust his claims in state court. Rhines v. Weber, 544 U.S. 269, 277 (2005). In any event, because the statute of limitations bars further review in this Court, it would be futile to dismiss without prejudice for failure to exhaust. See Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss the instant petition as untimely under § 2244(d) be GRANTED; and

2. The instant petition for writ of habeas corpus be DISMISSED with prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 15, 2009**          **/s/ Dennis L. Beck**
                                                           UNITED STATES MAGISTRATE JUDGE